OPINION
Defendant-appellant Jimmie Ivery ("appellant") appeals from the trial court's determination that he was a "sexual predator" pursuant to R.C. Chapter 2950. Finding appellant's appeal to lack merit, the judgment of the trial court is affirmed.
 I.
On February 5, 1992, appellant was issued a twelve-count indictment. Counts one, two, three and seven of the indictment charged appellant with felonious sexual penetration. Counts four, five and six of the indictment charged appellant with rape. The last five counts of the indictment charged appellant with endangering children. The charges of the indictment involved five victims under the age of thirteen. On February 18, 1992, appellant pleaded not guilty to the charges set forth in the indictment.
On or about June 16, 1992, counts one and two were amended to gross sexual imposition. Counts three and seven were amended to attempted felonious sexual penetration. Appellant retracted his former plea of not guilty and pleaded guilty to gross sexual imposition as charged in amended counts one and two of the indictment, guilty to the charges of attempted felonious sexual penetration in amended counts three and seven, and guilty to child endangering as charged in count twelve. The remaining counts of the indictment were nolled. In a journal entry filed on August 18, 1992, appellant was sentenced to concurrent prison term of two years on counts one and two, eight to fifteen years on counts three and seven, and two years on count twelve.
On June 12, 1997, the trial court conducted a sexual predator determination hearing. In a sentencing addendum and corresponding journal entry filed on July 1, 1997, appellant was adjudicated to be a sexual predator and the duties and requirements of R.C. Chapter 2950 were thereby imposed upon appellant. Therefrom, appellant filed the instant appeal.
 II.
In his first, second, and fourth through eleventh assignments of error, appellant raises the following constitutional challenges to R.C. Chapter 2950:
 I. H.B. 180, AS APPLIED TO THE APPELLANT, VIOLATES ART. I, SEC. 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATES ART. II, SEC. 28, OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
 II. THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED THE APPELLANT'S DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION [S], WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF H.B. 180 WHICH INCLUDE "WITNESSES," "EVIDENCE," AND "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
 IV. APPLICATION OF H.B. 180 IN THE CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 V. APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANT'S H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 VI. H.B. 180 IS VOID FOR VAGUENESS BECAUSE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
 VII. H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
 VIII. H.B. 180, AS APPLIED TO APPELLANT, CONSTITUTED DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ART. 1, SEC. 10 OF THE OHIO CONSTITUTION.
 IX. THE PUBLIC NOTIFICATION PROVISIONS OF H.B. 180, AS APPLIED TO APPELLANT, VIOLATE APPELLANT'S CONSTITUTIONAL RIGHT TO PRIVACY.
 X. H.B. 180, WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, SEC. 9, OF THE OHIO CONSTITUTION.
 XI. APPLICATION OF H.B. 180 TO APPELLANT, WHO PLED GUILTY PRIOR TO THE EFFECTIVE DATE OF THIS LEGISLATION, VIOLATED APPELLANT'S DUE PROCESS RIGHTS AND CRIM.R. 11, SINCE HE COULD NOT HAVE BEEN INFORMED OF THE REGISTRATION/NOTIFICATION CONSEQUENCES OF HIS PLEA AT THE TIME OF HIS PLEA.
This court has recently addressed and rejected identical challenges to the constitutionality of R.C. Chapter 2950 in Statev. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported. Accordingly, appellant's first, second, and fourth through eleventh assignments of error are summarily overruled.
 III. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT THE APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
In his third assignment of error, appellant asserts that the evidence presented at his hearing was insufficient to prove by clear and convincing evidence that he is a sexual predator.
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Appellant's guilty pleas for two counts of gross sexual imposition and two counts of attempted felonious sexual penetration qualify as sexually oriented offenses under R.C. 2950.01(D). However, appellant claims that there was insufficient evidence presented at the hearing to determine by clear and convincing evidence that he "is likely to engage in the future in one or more sexual oriented offenses."
In making a determination as to whether an offender is a sexual predator, the trial judge must consider all relevant factors, including, but not limited to the factors listed in R.C.2950.09(B)(2):
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offenders conduct.
We note that R.C. 2950.09(B)(2) does not require that each factor be met, rather it simply requires the trial court consider those factors which are relevant. Accord State v. Tracy (May 20, 1998), Summit App. No. 18623, unreported.
The standard of "clear and convincing evidence" is the measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases. State v. Schiebel
(1990), 55 Ohio St.3d 71, 74. Clear and convincing evidence is the measure or degree of proof which produces in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Id. In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. Id.
In the instant case, the trial court reviewed six exhibits presented by the prosecution, including a presentence investigation report, a sexual abuse department assist report, a medical report, a statement by the victims' maternal grandmother, and a police report. The proffered exhibits evidenced an abhorrent, continuous pattern of sexual abuse and torture by appellant against his five children, who were all under the age of thirteen at the time.
The trial court stated:
 Okay. You know, the Court's [sic] had an opportunity to review Exhibits 1 through 6 inclusive and based upon the material contained in these reports and upon consideration of the factors set forth in Revised Code Section 2905.09 [2950.09] Subsection B2 and the evidence here, the Court finds by clear and convincing evidence that the defendant is likely to engage in the future in one or more sexually oriented offenses. Therefore, pursuant to Section 2950.09 Subsection C, the Court determines that the defendant is, in fact, a sexual predator.
Based on the evidence presented, the trial court did not err in adjudicating appellant a sexual predator. Clear and convincing evidence exists justifying the disposition that appellant is likely to engage in similar behavior in the future; therefore, appellant's third assignment of error is overruled.
 XII. THE TRIAL COURT ERRED IN IMPOSING REGISTRATION REQUIREMENTS UPON APPELLANT, SINCE APPELLANT WAS SENTENCED PRIOR TO THE EFFECTIVE DATE OF R.C. 2950.04, WHICH PROVIDES FOR THE MANNER OF OFFENDER REGISTRATION.
In his final assignment of error, appellant claims that the trial court erred in imposing the registration requirements of R.C.2950.04 because that statute was not in effect at the time of appellant's sentence.
In support of this argument, appellant cites this court's decision in State v. Hooks (Dec. 18, 1997), Cuyahoga App. No. 72780, unreported. In Hooks, the trial court imposed the registration requirements of R.C. 2950.04 upon the defendant on June 11, 1997. This court noted that the effective date of R.C. 2950.04 was July 1, 1997. and therefore held that the trial court erred in imposing the registration requirements of R.C. 2950.04 upon the defendant prior to the statute going into effect.
In the instant case, the trial court conducted appellant's sexual predator determination hearing on June 12, 1997. In a sentencing addendum and corresponding journal entry filed on July 1, 1997, the trial court found appellant to be a sexual predator and imposed upon him the duties corresponding with that adjudication, pursuant to R.C. Chapter 2950, including the registration requirements of R.C. 2950.04.
It is well-established that a court speaks only through its journal. See, e.g., State v. Keenan (1998), 81 Ohio St.3d 133, 154, citing Schenley v. Kauth (1953), 160 Ohio St. 109, paragraph one of the syllabus. In the instant case, the registration requirements of R.C. 2950.04 were not officially imposed upon appellant by the trial court until July 1, 1997, when the sentencing addendum and journal entry were filed with the clerk of courts.
Accordingly, appellant's twelfth assignment of error is overruled.
The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J. and PATRICIA A. BLACKMON, J. CONCUR.
LEO M. SPELLACY, PRESIDING JUDGE